## Lashe v. Northern York County School District

*John C. Uhler,* for plaintiffs.
*Niles S. Benn,* for defendants.

BUCKINGHAM, *J.,* November 17, 1978—Plaintiffs in no. 75-S-255 seek to have declared invalid the occupation tax imposed upon them by a resolution of the Northern York County School District (school district) and to secure a refund of the taxes paid by them thereunder. The plaintiff in no. 75-S-254 seeks to have declared invalid a provision in the school district's occupation tax resolution that a husband shall be liable for the payment of the occupation tax levied against his wife and seeks to enjoin defendants from enforcing this provision.

By agreement, the two cases were tried and argued together and both will be disposed of by one adjudication.

• • •

## DISCUSSION

Plaintiffs, Elsie B. Lashe and Walter Lashe, first

contend that the school district's resolution is unconstitutionally vague because it fails to define the term "occupation," thus rendering imposition of the tax so vague and uncertain that it is impossible to determine who is properly subject to the tax. This argument we reject, as did the court in Peifer v. Central Dauphin School District, 70 D. & C. 2d 35 (Dauphin County, 1975).

Section 1 of the Occupation Tax Resolution of the school district provides that the occupation tax is levied upon the "occupational assessments" as determined by the assessment list prepared by the York County Board of Assessment Appeals. The board of assessment appeals, and not the school district, or its authorized tax collection agents, prepared the assessment list upon which the occupation tax was levied. This was done pursuant to the Third Class County Assessment Law of June 26, 1931, P.L. 1379, as amended, 72 P.S. §5344, which provides in subsection (a): "It shall be the duty of said board, in each county to which this act applies, to make and have supervision of the making of annual assessments of . . . occupations now or hereafter made subject to assessment for taxation for . . . school . . . purposes."

The legal duty and power to define the term "occupation" is, therefore, imposed upon the county government, through the board of assessment appeals, which defines "occupation" in de facto form by publishing the assessment list for York County. The term "occupation" is thus adequately defined under the statutory authority and in the tax resolution of the school district. Furthermore, the notice requirement of due process is satisfied by reference to the county assessment list in section 1 of the tax resolution. In addition, the school district complies

with the statutory requirement that the tax resolution be published in a newspaper of general circulation which serves the geographical area of the school district.

Plaintiffs' contention that the term "occupation" as set forth on the Local Tax Enabling Act of December 31, 1965, P.L. 1257, as amended, and the occupation tax resolution of the school district, is an overly broad classification and therefore violative of the taxpayers' constitutional rights has not been addressed directly by the appellate courts of Pennsylvania. However, they have upheld the validity of the occupation tax as a proper vehicle through which to raise local school revenues: Lynch v. Owen J. Roberts School District, 430 Pa. 461, 244 A. 2d 1 (1968); Crosson v. Downingtown Area School District, 440 Pa. 468, 269 A. 2d 882 (1970). Furthermore, plaintiffs' contention that the term "occupation" creates an overly broad classification is also negated by the statutorily mandated assessment list prepared by the York County Board of Assessment Appeals.

The process by which the occupation tax is actually levied, assessed and collected negates the contention by plaintiffs that the term "occupation," as presently used, invites administrative abuse. The procedure in York County for the levy, assessment and collection of the occupation tax requires the duly elected and authorized tax collector of each borough and township comprising the school district to accept the assessments of occupations as determined by the York County Board of Assessment Appeals. The tax collectors of these various political subdivisions then apply a percentage rate times the occupation assessment, the latter determined as set forth above. The computation of the

tax is, therefore, accomplished by the appropriate county authority and not the school district. The school district is limited to setting a percentage rate to the occupation assessment as determined by the York County Board of Appeals and does not participate in the delineation of the term "occupation."

As noted above in the findings of fact, the occupation assessment on the parties in question was $50 and the percentage was 45 percent which combined to render a tax bill of $22.50 per individual housewife and retired person. Also as noted above in the findings of fact, the York County commissioners on October 10, 1975, voted to establish a zero occupation assessment rate for housewives, retired persons and disabled persons who were previously subject to the assessment rates under the occupation tax. The action of the county commissioners took effect on January 1, 1976. Therefore, since that date housewives, retired persons and disabled persons have been assessed at the rate of zero for purposes of the occupation tax and are therefore de facto exempt from the occupation tax in this case. Plaintiffs imply that wherever an occupation evaluation is not assessed, then the school district can impose an assessment of $100. However, the present plaintiffs come within the class of persons who have been assessed at a zero rate for purposes of the occupation tax. As a result of this assessment set forth by the county commissioners of York County, the school district cannot then set a valuation of $100 since the assessment has already been made.

Plaintiffs, Elsie B. Lashe and Walter Lashe, next contend that the occupation tax is not collectible against them since Elsie B. Lashe is a housewife and Walter Lashe is a retired person and neither derives any income from gainful employment.

Judge (now President Judge) Shadle, held in York Imperial School District, 74 York 25 (1960), that the occupation tax is enforceable as it applied to housewives. Judge Shadle's opinion is exhaustive and well reasoned and it would serve no purpose to go into it at great length. We, therefore, simply incorporate it by reference. Suffice it to say that he pointed out that the concept of "occupation" is not limited to those vocations producing monetary return, but includes the activity to which one's time is devoted, or in which one is regularly or habitually engaged. This concept was approved in Crosson, supra, and In re Occupation Tax Appeals, No. 349 Misc. 1976 (Chester County, 1977).

Since the economic value of a retired person is determined by the same standards as applied to housewives, that is, the chores and duties they perform, and since these chores and duties are similar as to both, for example, washing dishes, washing clothes, cooking, pressing clothes, maintaining the repair of the home, taking care of accounts, caring for children and cleaning the home, we have no difficulty in extending Judge Shadle's rationale to retired persons. We, therefore, hold that the occupation tax is enforceable as to retired persons, as well as housewives.

It is true that a number of Pennsylvania lower courts have reached the opposite conclusion on the theory that to be an occupation it must be income-producing. See Peifer, supra; Bigler v. Penn Manor School District, 63 Lanc. 409 (1972); and In re The State College Area School District, 9 Centre 417 (1974). However, we are bound by Judge Shadle's opinion and, in any event, believe it to be the more logical approach.

Since we are holding that plaintiffs, Elsie B. Lashe and Walter Lashe, were legally subject to the

school district's occupational tax, we need not reach the issue of whether those plaintiffs are entitled to a refund thereof.

Lastly, section 4 of the school district resolution which provides that the husband is liable for the wife's occupation tax without a corresponding provision that the wife is liable for her husband's tax, is clearly unconstitutional and unenforceable under the Equal Rights Amendment to the Pennsylvania Constitution: Henderson v. Henderson, 458 Pa. 97 (1974); McDevitt v. Central Dauphin School District, 70 D. & C. 2d (Dauphin County, 1975). We parenthetically note that plaintiffs in no. 75-S-255 do not claim that this renders the occupational tax as against them unconstitutional on that basis, nor indeed could they, because they do not contest the fact that section 7 of the tax resolution contains an appropriate severability clause which provides that where a portion of the resolution is held illegal, invalid or unconstitutional, the remainder of the resolution shall remain valid and enforceable.

## CONCLUSIONS OF LAW

1. The occupational tax of the school district is valid and enforceable as to retired persons and housewives.

2. Section 4 of the school district's tax resolution which provides for the payment of the wife's tax by the husband is unconstitutional and unenforceable.

3. The remaining sections of the school district's tax resolution are constitutional, valid and enforceable.

4. The complaint of plaintiffs in no. 75-S-255 must be dismissed while the complaint of plaintiff in no. 75-S-254 must be sustained.

## DECREE NISI

And now, November 17, 1978, it is ordered, adjudged and decreed that:

(1) The complaint of plaintiffs in no. 75-S-255 is dismissed, with costs of suit upon the plaintiffs.

(2) The prayer of plaintiff in no. 75-S-254 is granted and all of defendants are hereby enjoined from seeking payment of a wife's occupational tax against her husband and are hereby enjoined from otherwise enforcing, in any way, shape or form, section 4 of the school district's tax resolution, with cost of suit on defendant school district.

An exception is granted to plaintiffs in no. 75-S-255 and to the school district in no. 75-S-254.

The prothonotary shall give notice of the entry of this decree as required by Pa.R.C.P. 1517. Unless exceptions are filed as provided by Pa.R.C.P. 1518, this decree shall be entered as a final decree and notice thereof shall be given as provided by Pa.R.C.P. 1519.